## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

EDWARD H. RUSSELL,                     )
                                       )
        Petitioner,                    )
                                       )
v.                                     )        Case No. 5:23-cv-00619-MHH-SGC
                                       )
SHERIFF KEVIN TURNER,                  )
                                       )
        Respondent.                    )

## MEMORANDUM OPINION

The petitioner, Edward H. Russell, an Alabama state pretrial detainee housed at the Madison County Jail, filed an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Mr. Russell named Sheriff Kevin Turner as the respondent.  (Doc. 12).  On February 21, 2024, the magistrate judge entered a report in which she recommended that the Court dismiss without prejudice Mr. Russell's petition because he has not fully exhausted his state court remedies.  (Doc. 22).

On March 4, 2024, the Court received from Mr. Russell an objection to the magistrate judge's report. (Doc. 23). In his objection, Mr. Russell contends that he has exhausted all available state court remedies.  Mr. Russell attached to his objection case action summary sheets from the District Court for Madison County, Alabama. (Doc. 23, pp.  at 2, 5-30).  Mr. Russell contends that the docket sheets indicate that the Madison County District Court has expressly denied or has "denied

through 'no action'" his motions. (Doc. 23, p. 2). Therefore, he argues, he has demonstrated his attempt to exhaust his state court remedies. (Doc. 23, pp. 2, 5).

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district judge must "make a *de novo* determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* FED. R. CRIM. P. 59(b)(3) ("The district judge must consider *de novo* any objection to the magistrate judge's recommendation."). A district court's obligation to "'make a de novo *determination* of those portions of the report or specified proposed findings or recommendations to which objection is made,'" 447 U.S. at 673 (quoting 28 U.S.C. § 636(b)(1)), requires a district judge to "'give *fresh consideration* to those issues to which specific objection has been made by a party,'" 447 U.S. at 675 (quoting House Report No. 94-1609, p. 3 (1976)). *United States v. Raddatz*, 447 U.S. 667 (1980) (emphasis in *Raddatz*). The Court has reviewed the state court docket sheets that Mr. Russell filed and has considered Mr. Russell's objection.

A federal district court may not grant a § 2241 petition unless the petitioner has exhausted all available state court remedies. *Johnson v. Fla.*, 32 F.4th 1092, 1095–96 (11th Cir. 2022) ("It is by now well established that a district court may not grant a § 2241 petition 'unless the petitioner has exhausted all available state

remedies.'") (internal quotations and citations omitted).  To properly exhaust his claim under federal law, Mr. Russell first must present his claim "to the state's highest court, either on direct appeal or on collateral review." *Johnson*, 32 F.4th at 1096 (internal quotation marks and citations omitted).  Here, Mr. Russell has demonstrated that he filed several motions and a petition for a writ of habeas corpus with the Madison County District and Circuit Courts, but he has not provided records showing he has presented his claims to Alabama's highest court—the Alabama Supreme Court.  Because Mr. Russell has not presented his federal claims to the Alabama Supreme Court, he has not exhausted his federal claims in state court, and his failure to exhaust makes his habeas action in federal court premature.

Therefore, after consideration of the record in this case, the Court overrules Mr. Russell's objection, adopts the magistrate judge's report, and accepts the magistrate judge's recommendation. Consistent with that recommendation, by separate order, the Court will dismiss this matter without prejudice.

Because Mr. Russell's petition does not present issues that are debatable among jurists of reason with respect to exhaustion, the Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000); Rule 11(a), *Rules Governing § 2254 Proceedings*.  Mr. Russell may request a certificate of appealability from the Eleventh Circuit Court of

Appeals.   Rule 11(a), *Rules Governing § 2254 Proceedings*; Fed. R. App. P. 22(b)(1).

     **DONE** and **ORDERED** this March 13, 2024.

**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE